## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHELLY ANDREWS | ) | CIVIL ACTION NO. 3:10-cv-01915 CSH |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAW OFFICES HOWARD LEE SCHIFF P.C. | ) | |
| And MIDLAND CREDIT MANAGEMENT | ) | |
| INC. | ) | |
| Defendants | ) | JANUARY 10, 2011 |

### MOTION TO DISMISS

Defendant, Law Offices Howard Lee Schiff, P.C., hereby moves to dismiss the plaintiff's

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that

the Complaint fails to state a cause of action against the defendant, as more fully set forth in

the accompanying Memorandum of Law in Support of this Motion to Dismiss.

DEFENDANT, LAW OFFICES HOWARD LEE SCHIFF PC

/S/*Jeanine M. Dumont*
Jeanine M. Dumont ct05021
Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108
Telephone (860) 528 9991
Fax (860) 528 7602

### CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing and any attachments hereto were mailed,
postage prepaid, on JANUARY 10, 2011 to the following counsel of record:

**COUNSEL FOR PLAINTIFF—PRO HAC VICE**
ANGELA TROCCOLI, ATTORNEY AT LAW
KIMMEL & SILVERMAN
60 HARTFORD PIKE

P.O. BOX 325
DAYVILLE, CT.  06241

**COUNSEL FOR PLAINTIFF**
MARK R. KEPPLE
804 STONINGTON ROAD
STONINGTON, CT.  06378

**COUNSEL FOR MIDLAND FUNDING LLC**
JILL E. ALWARD, ATTORNEY AT LAW
THOMAS A. LEGHORN, ESQ.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER-NY
3 GANNETT DR.
WHITE PLAINS , NY 10604

_/s/Jeanine M. Dumont_
Jeanine M. Dumont

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHELLY ANDREWS | ) | CIVIL ACTION NO. 3:10-cv-01915 CSH |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAW OFFICES HOWARD LEE SCHIFF P.C. | ) | |
| and MIDLAND CREDIT MANAGEMENT | ) | |
| INC. | ) | |
| Defendants | ) | JANUARY 10, 2011 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS**

Defendant, Law Offices Howard Lee Schiff, P.C. [hereinafter, "Schiff Law Office"], hereby

submits the following Memorandum of Law in Support of its Motion to Dismiss plaintiff's

Complaint removed from the Connecticut Superior Court, pursuant to the provisions of Rule

12(b)(6) of the Federal Rules of Civil Procedure:

**I. BACKGROUND**

Defendant is a law firm which has its principal place of business in East Hartford,

Connecticut.  The firm specializes in creditor's rights litigation on behalf of its clients.  It prides

itself on compliance with all laws, and devotes substantial time, effort and resources to

compliance issues.

This is an action against the defendant-law firm and is client, Midland Credit

Management, purportedly alleging two counts:

(1) for violations of the Connecticut Fair Debt Collection Practices Act, Conn. Gen. Stat. §s

36a-805, 36a-805(6), 36a-805(13) and 36a-805(a); and

(2) for violations of the Fair Debt Collection Practices Act, 16 U.S.C. §s 1692c, 1692d, 1692e, 1692f, and 1692g.

Defendant, Schiff Law Office, represents Midland Funding LLC with respect to a claim against Ms. Andrews for $685.23 which she incurred in connection with an account at Bankfirst which is now owned by Midland Funding, LLC.  This claim was referred to the Schiff Law Office by Midland Funding on June 1, 2010, and validation notice pursuant to 15 U.S.C. §1692g(a) was sent to Ms. Andrews on or about June 3, 2010.  One June 19, 2010, Ms. Andrews indicated that she would be responding to our office in writing.  On June 25, 2010, the Schiff Law Office received a letter from Craig Thor Kimmel of Kimmel & Silverman, P.C. requesting that our office immediately cease and desist all communications with Ms. Andrews. [1]

As a result, the file was immediately marked to cease and desist all communications to Ms. Andrews thereafter, no further calls or letters were sent to her by the Schiff Law Office. Validation of the debt was sent to the debtor's counsel by fax on June 28, 2010.  No further actions have been taken to collect this debt by the Schiff Law Office.

In her complaint, Ms. Andrews directs the following allegations to the Schiff Law Office:

- In June 2010, Ms. Andrews began receiving communications from the Schiff Law Office on her home phone; *Id. at ¶34;*

[1] Mr. Kimmel's correspondence dated June 21, 2010, represents the unauthorized practice of law in Connecticut. Mr. Kimmel is not licensed to practice law in Connecticut.  Notwithstanding, he has repeatedly sent letters to the Schiff Law Office indicating that "I represent the above-named individual regarding claims against your company…" The undersigned has requested that Mr. Kimmel cease such communications given that they are unethical.  Mr. Kimmel has been the subject of disciplinary action is other jurisdictions, and therefore, it would seem that he would be well aware of his ethical obligations, and avoid such obvious violations of the Professional Rules of Conduct.

- On June 9, 2010, the Schiff Law Office sent a letter to the debtor seeking a different amount than Midland; *Id. at ¶35;*

- Ms. Andrews received calls from the Schiff Law Office on Saturday, June 12, June 15, and Saturday, June 19, 2010; *Id. at ¶37;*

- The Schiff Law Office has contacted defendant "at times and places that were inconvenient to Plaintiff and made known to Schiff as such;" *Id. at ¶38;*

Based upon these "facts," Ms. Andrews alleges that the Schiff Law Office violated the Connecticut Consumer Collection Agency Act, §36a-805, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* As more fully set forth below, plaintiff has failed to allege a valid claim here against the defendant law firm. As a result, the plaintiff's Complaint must be dismissed by this Court.

## II      STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted when " it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Anderson v. Derby Board of Education,* 718 F. Supp. 2d 258, 264 (D. Conn. 2010), *quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A motion to dismiss " tests, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits." *Anderson, supra, quoting Global Network Communications, Inc. v. City of New York,*

458 F.3d 150, 155 (2d Cir.2006).   The purpose of the motion to dismiss is to "assesses the legal feasibility of the complaint."  *Anderson, supra, quoting Global Network Communications at* 155

    For purposes of deciding a motion to dismiss, the trial court must assume that the allegations of the complaint are true, but allegations which are merely conclusory statements are not admitted.  *See Anderson, supra, relying upon Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir.1999); *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009); *Hayden v. Paterson,* 594 F.3d 150, 157 n. 4 (2d Cir.2010).  Bald conclusions of law will not suffice.  *Anderson, supra, quoting Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996).

    In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).   There must be "enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the claims." *Fantini v. Salem State College*, 557 F.3d 22, 26 (1st Cir. 2009); *see also Ashcroft v. Iqbal*, 129 S.Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation and internal quotation marks omitted). *Iqbal* also teaches that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S.Ct. at 1949 (citation omitted).

    Plaintiff has failed to allege sufficient facts to state a cause of action, and has alleged false facts which cannot result in a judgment for this plaintiff.  Therefore, defendant seeks a dismissal of this case pursuant to Fed. Rule Civ. Proc. 12(b)(6).

**III      CONNECTICUT CONSUMER COLLECTION AGENCY ACT.**

The First Count of the plaintiff's complaint relies upon the provisions of Conn. Gen. Stat.

§36a-805, the Connecticut Consumer Collection Agency Act, for asserting a cause of action

against the Schiff Law Firm.  That Act expressly applies to the conduct of a "consumer collection

agency" as defined by Conn. Gen. Stat. §36a-800a.[2]  That section expressly defines "consumer

collection agency" to include:  "any person engaged in the business of collecting or receiving for

payment for others of any account, bill or other indebtedness from a consumer debtor..."

---

[2]  Conn. Gen. Stat. §36a-805provides as follows:

(a) No consumer collection agency shall: (1) Furnish legal advice or perform legal services or represent that it is competent to do so, or institute judicial proceedings on behalf of others; (2) communicate with consumer debtors or property tax debtors in the name of an attorney or upon the stationery of an attorney, or prepare any forms or instruments which only attorneys are authorized to prepare; (3) purchase or receive assignments of claims for the purpose of collection or institute suit thereon in any court; (4) assume authority on behalf of a creditor to employ or terminate the services of an attorney unless such creditor has authorized such agency in writing to act as such creditor's agent in the selection of an attorney to collect the creditor's accounts; (5) demand or obtain in any manner a share of the proper compensation for services performed by an attorney in collecting a claim, whether or not such agency has previously attempted collection thereof; (6) solicit claims for collection under an ambiguous or deceptive contract; (7) refuse to return any claim or claims upon written request of the creditor, claimant or forwarder, which claims are not in the process of collection after the tender of such amounts, if any, as may be due and owing to the agency; (8) advertise or threaten to advertise for sale any claim as a means of forcing payment thereof, unless such agency is acting as the assignee for the benefit of creditors; (9) refuse or fail to account for and remit to its clients all money collected which is not in dispute within sixty days from the last day of the month in which said money is collected; (10) refuse or intentionally fail to return to the creditor all valuable papers deposited with a claim when such claim is returned; (11) refuse or fail to furnish at intervals of not less than ninety days, upon the written request of the creditor, claimant or forwarder, a written report upon claims received from such creditor, claimant or forwarder; (12) commingle money collected for a creditor, claimant or forwarder with its own funds or use any part of a creditor's, claimant's or forwarder's money in the conduct of its business; (13) add any charge or fee to the amount of any claim which it receives for collection or knowingly accept for collection any claim to which any charge or fee has already been added to the amount of the claim unless the consumer debtor is legally liable therefor, in which case, the collection charge or fee may not be in excess of fifteen per cent of the amount actually collected on the debt; (14) use or attempt to use or make reference to the term "bonded by the state of Connecticut", "bonded" or "bonded collection agency" or any combination of such terms or words, except that the word "bonded" may be used on the stationery of any such agency in type not larger than twelve-point; or (15) engage in any activities prohibited by sections 36a-800 to 36a-810, inclusive.

However, "'[c]onsumer collection agency' *does not include* … (D) any member of the bar of this state."  Conn. Gen. Stat. §36a-800a.

Therefore, the allegations of the First Count are improperly directed against the Schiff Law Office since it is a law firm and its members are licensed to practice law in the State of Connecticut.

Moreover, there is no private cause of action in Connecticut for a violation of Conn. Gen. Stat. §36a-805.  The Commissioner of Banking is responsible for enforcement of this statute when he or she has reason to believe that a consumer collection agency is engaged in an unfair or deceptive act or practice.  Conn. Gen. Stat. §36a-808.

Therefore, the First Count must be dismissed as to the Schiff Law Office.


**IV.  THE FAIR DEBT COLLECTION PRACTICES ACT.**

In 1977, Congress passed the Fair Debt Collection Practices Act [hereinafter, "FDCPA" or "the Fair Debt Act"] for the purpose of eliminating abusive debt collection practices.  15 U.S.C. § 1692, *et seq.*   Attorneys at law who regularly practice in the area of consumer collection work are subject to the provisions of the Fair Debt Act, and must comply therewith.  *See Heintz v. Jenkins*, 514 U.S. 291 (1995).

The debtor alleges here that the Schiff Law Office violated:

(1) §1692c(a)(1) by contacting defendant at "unusual" times or places and which should have been known to be inconvenient to Ms. Andrews [*Complaint at ¶46a*];

(2) §1692c(a)(3) by contacting plaintiff at her place of employment when it knew or should have known that the employer prohibits such calls [*Id. at 46b*];

8

(3) §1692d by "harassing, oppressing or abusing" Ms. Andrews in connection with the collection of the debt [*Id. at ¶46c*];

(4) §1692d(5) by causing the telephone to ring repeatedly or continuously to harass, annoy or abuse Ms. Andrews [*Id. at ¶46d*];

(5) §169e by using false, misleading and deceptive means to collect the debt [*Id. at ¶46e*];

(6) §1692e(2) by falsely representing the character, amount or legal status of the alleged debt [*Id. at ¶46f*];

(7) §1692e(5) by threatening to take legal action which cannot legally be taken or is not intended to be taken [*Id. at ¶46g*];

(8) §1692e(8) by threatening to communicate plaintiff's credit information which is known to be false and failure to communicate that a debt is disputed [*Id. at ¶46h*];

(9) §1692e(11) by using false, misleading and deceptive means during the initial communication when it failed to disclose that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose [*Id. at ¶46i*];

(10) §1692f by unfair or unconscionable means to collect or attempt to collect any debt [*Id. at ¶46j*];

(11) §1692f(1) by adding fees, charges and expenses not expressly authorized by an agreement [*Id. at ¶46k*];

(12) §1692g(a) and (b) by failing to send the debtor a validation notice within 5 days after the communication [*Id. at ¶46l*]; and

(13) by "acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

Each of these allegations will be discussed below.


**A.  DISMISSAL OF CLAIMS WHICH ARE UNSUPPORTED BY ANY FACTS.**

Most of these allegations are improperly directed at the Schiff Law Office since there are no factual predicates for the allegations—they are merely bald legal conclusions lacking in any factual basis.  Therefore, the following allegations lack any factual support:

(i)  §1692c(a)(3) by contacting plaintiff at her place of employment when it knew or should have known that the employer prohibits such calls [*Id. at 46b*]; [3]

(ii)  §1692d by "harassing, oppressing or abusing" Ms. Andrews in connection with the collection of the debt [*Id. at ¶46c*]; [4]

---

[3]  There is no allegation here that the Schiff Law Office ever contacted Ms. Andrews at her place of employment, let alone was advised that it could not contact her at her place of employment at any time, or had any reason to know that contacting the debtor at her place of employment was prohibited.

[4]  There are no allegations that the Schiff Law Office harassed, oppressed or abused Ms. Andrews within the meaning of 15 U.S.C. §1692d which provides as follows:

(1)  The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2)  The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3)  The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a (f) or 1681b (3) of this title.

(4)  The advertisement for sale of any debt to coerce payment of the debt.

(5)  Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(iii) §1692d(5) by causing the telephone to ring repeatedly or continuously to harass, annoy or abuse Ms. Andrews [*Id. at ¶46d*]; [5]

(iv)  §169e by using false, misleading and deceptive means to collect the debt [*Id. at ¶46e*]; [6]

(v) §1692e(2) by falsely representing the character, amount or legal status of the alleged debt [*Id. at ¶46f*]; [7]

(vi) §1692e(5) by threatening to take legal action which cannot legally be taken or is not intended to be taken [*Id. at ¶46g*];  [8]

(vii) §1692e(8) by threatening to communicate plaintiff's credit information which is known to be false and failure to communicate that a debt is disputed [*Id. at ¶46h*]; [9]

(viii) §1692e(11) by using false, misleading and deceptive means during the initial communication when it failed to disclose that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose [*Id. at*

---

(6)   Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

[5] There is no allegation here that the Schiff Law Office caused the telephone to ring repeatedly, let alone facts to support the dates on which the telephone was allowed to ring repeatedly by this defendant.

[6] There are no factual allegations here that the Schiff Law Office used false or misleading methods to collect this debt at any time.

[7] There is no factual allegation here that the Schiff Law Office falsely represented this debt at any time.

[8] There is no factual basis for an allegation here that the Schiff Law Office threatened any action.

[9] There is no factual basis for an allegation here that the Schiff Law Office threatened to communicate plaintiff's credit information.

*¶46i*]; [10]

(ix) §1692f by using unfair or unconscionable means to collect or attempt to collect any

debt [*Id. at ¶46j*]; [11]

(x)  §1692g(a) and (b) by failing to send the debtor a validation notice within 5 days after

---

[10]  There is no factual support for an allegation here that the Schiff Law Office failed to give the e(11) notice at any time.

[11]  There is no factual support for an allegation here that the Schiff Law Office used any unfair or unconscionable means to collect this debt within the meaning of 15 U.S.C. §1692f:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2)  The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3)  The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4)  Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5)  Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6)  Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if-

    (A)  there is no present right to possession of the property claimed as collateral through an enforceable security interest;

    (B)  there is no present intention to take possession of the property; or

    (C)  the property is exempt by law from such dispossession or disablement.

(7)  Communicating with a consumer regarding a debt by post card.

(8)  Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

the communication [*Id. at ¶46l*]; [12] and

(xi) by "acting in an otherwise deceptive, unfair and unconscionable manner and failing

to comply with the FDCPA. [13]

Based upon these "threadbare" allegations, plaintiff has failed to allege a valid cause of

action for violations of the FDCPA.


**B.  DISMISSAL OF CLAIMS RELATING TO CALLS AT INCONVENIENT TIMES.**

The remaining allegations relate to telephone calls [*Complaint at ¶s 34, 37 and 38*] and

a claim that the Schiff Law Office sought to collect a different amount from Midland [*id. at ¶35*].

As to phone calls, Ms. Andrews relies upon 15 U.S.C. §1692c(a)(1):

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

(1)        at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

Ms. Andrews alleges that the Schiff Law Office communicated with her at unusual times and

places by calling her home phone in June 2010 and by calling her on "Saturday, June 12, 2010,

---

[12] There is no allegation here that the Schiff Law Office failed to send Ms. Andrews a validation notice as required by 15 U.S.C. §1692g.   Indeed, this plaintiff even attached the Schiff Law Offices' June 3, 2010 validation notice as Exhibit F to the Complaint!

[13] This appears to be yet another bald accusation not supported by any facts or statutory authority.

June 15, 2010 and Saturday, June 19, 2010." [14]

There is no authority that calls to a debtor on a Saturday are *per se* inconvenient, and there are no facts alleged to demonstrate that the Schiff Law Office knew or should have known that calls to the debtor on a Saturday were inconvenient.  Moreover, there is no basis for claiming that this is an unreasonable calling pattern.  *See Katz v. Capital One,* No. 1:09CV1059(LMB/TRJ), 2010 WL 1039850, at *3 (E.D. Va. Mar. 18, 2010) (finding that two calls placed within a single day were insufficient to raise a triable issue of fact and did not constitute harassment as a matter of law if unsupported by any indicia of an unacceptable pattern of calls, such as being placed back-to-back, at inconvenient times, or after plaintiff had asked defendant to stop calling, or immediately after plaintiff hung up); *Shand-Pistilli v. Professional Account Services, Inc.,* Civil Action No. 10-cv-1808 (E.D. Penn. 2010) (plaintiff's failure to allege that the defendant knew or should have known that calls to her home at any time would be inconvenient rendered the allegations insufficient). Moreover, there is no valid authority that calls to a debtor on a Saturday are *per se* inconvenient and therefore violate this statute.

Ms. Andrews alleges that she "made known to Schiff" that the "times and places" were inconvenient to her, but there are no facts alleged to show when or how Ms. Andrews provided such notice of the Schiff Law Firm.  Based upon these "allegations," there is simply no legitimate basis for claiming that this defendant violated the Fair Debt Collection Practices Act.

### C.  DISMISSAL OF CLAIM THAT THE SCHIFF LAW OFFICE SENT A LETTER WITH A DIFFERENT AMOUNT THAN MIDLAND.

---

[14]  *See Complaint at ¶37.*  The Court may take Judicial Notice that June 12 and June 19, 2010 were both Saturdays, and June 15, 2010 was a Tuesday.  This allegation factually is inaccurate.  No call was made to Ms. Andrews on June 15, 2010 by this defendant.

The other defective allegation, that Schiff "sent a letter...seeking a different amount from Midland," *Complaint at ¶35,* must also fail.  First, the "amount" sought by the Schiff Law Firm to collect from Ms. Andrews was $685.23—which is the same amount stated in the validation notice sent by the Schiff Law Office to Ms. Andrews on June 3, 2010, and which appears as Exhibit F to the Complaint.  This same amount was the amount that was charged off by Bankfirst when Ms. Andrews defaulted on her payments of this debt.  This amount was less than the balances shown as due and owing by Midland.  However, plaintiff contends that the Schiff Law Office violated the provision of 15 U.S.C. §1692f(1) which provides:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

The Schiff Law Office is entitled to rely upon the information provided by its client for the amount of the debt due and owing. *See e.g., Reichert v. National Credit Systems, Inc.,* 531 F.3d 1002, 1006 (9th Cir.2008).  But more importantly, there are no allegations here that the Schiff Law Office added on any interest, fees, charge or expenses to this amount in violation of 15 U.S.C. §1692f(1).  Since there are no allegations to demonstrate any violation of the Act by the Schiff Law Office, this allegation is legally insufficient and must be dismissed.

**V               CONCLUSION**

15

Based upon the foregoing, none of the plaintiffs alleged violations of the Connecticut

Consumer Collection Agency Act and the Fair Debt Collection Practices Act must fail, and

therefore, this Court must dismiss this action as against the Schiff Law Office entirely.

LAW OFFICES HOWARD LEE SCHIFF PC

/S/*Jeanine M. Dumont ct05021*
Jeanine M. Dumont, Ct05021
Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108
Telephone (860) 528 9991
Fax (860) 528 7602

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on JANUARY 10, 2011 to the following counsel of record:

**COUNSEL FOR PLAINTIFF—PRO HAC VICE**
ANGELA TROCCOLI, ATTORNEY AT LAW
KIMMEL & SILVERMAN
60 HARTFORD PIKE
P.O. BOX 325
DAYVILLE, CT.  06241

**COUNSEL FOR PLAINTIFF**
MARK R. KEPPLE
804 STONINGTON ROAD
STONINGTON, CT.  06378

**COUNSEL FOR MIDLAND FUNDING LLC**
JILL E. ALWARD, ATTORNEY AT LAW
THOMAS A. LEGHORN, ESQ.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER-NY
3 GANNETT DR.
WHITE PLAINS , NY 10604

*Jeanine M. Dumont*
Jeanine M. Dumont
**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

16