# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

SHELLY ANDREWS )
                Plaintiff, )   **Civil Action No.:  3:10-cv-1915 CSH**
)
v. )
)
LAW OFFICES OF HOWARD LEE )
SCHIFF, PC and MIDLAND CREDIT )
MANAGEMENT, INC. )
                Defendants. )

**PLAINTIFF, SHELLY ANDREWS' MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT, LAW OFFICES OF HOWARD LEE SCHIFF, PC, MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Plaintiff, Shelly Andrews (hereinafter "Plaintiff"), hereby files this Memorandum in Opposition to Defendant's Motion to Dismiss (the "Motion") filed herein by defendant, Law Offices of Howard Lee Schiff, PC (hereinafter "Schiff") pursuant to Fed.R.Civ.P. 12(b)(6), and states that the Motion should be denied.  As grounds therefore the Plaintiff would state that the Motion is without merit because Schiff is liable based upon the facts alleged in the complaint, as well as those reasonably expected to be uncovered in discovery.  More particularly, Schiff's Motion makes allegations with regard to facts that are outside consideration by the Court in a motion to dismiss, and additionally clearly misstates the law in several instances.

**ORAL ARGUMENT
IS NOT REQUESTED**

## I.    **Background**

This action is brought pursuant to the provisions of the Banking Laws of Connecticut, *Title 36a, Chapter 800, §36a-800 et seq.* ("The Act") against defendant, Midland Credit Management, Inc. and pursuant to the provisions of the Fair Debt Collection Practices Act, *15 U.S.C. §1692 et seq.* ("FDCPA") against both defendants, Midland Credit Management, Inc and Schiff. Schiff filed its Motion to Dismiss premised upon various arguments; however, the arguments are to no avail, for the reasons are based upon the legal authorities cited herein.

"The FDCPA is a landmark piece of consumer credit legislation designed to eliminate abusive, deceptive, and other unfair debt collection practices." See Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 22 (1st Cir. 2002). Congress included in the text of the FDCPA that, "There is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." See 15 U.S.C. §1692(e)

Consumer protection statutes, such as the Truth in Lending Act, the Fair Credit Reporting Act, and the FDCPA, are "remedial in nature and therefore must be construed liberally in order to best serve Congress' intent." See Ellis v. GMAC, 160 F.3d 703 (11th Cir. 1998). Thus, given the clear Congressional intent stated above, the FDCPA has been found to be a strict liability statute. See Russell v. Equifax ARS, 74 F.3d 30, 33 (2nd Cir. 1996); Reichert v. National Credit Systems, Inc., 531 F.3d 1002, 1005 (9th Cir. 2008); an Bartlett v. Heibl, 128 F.3d 497, 499 (7th Cir. 1997). Only a single violation of the Act need be proven in order to impose liability. See Bartlett, *supra.* at 499); see also Turner v. J.V.D.B. & Assoc., Inc., 330 F.3d 991, 995 (7th Cir. 2003). "A consumer need not show intentional conduct by a debt collector to be entitled to damages." See Id.

In addition, allegations regarding violations of the FDCPA should be examined from the perspective of the "least sophisticated consumer."  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); see also Goswami v. American Collections Enterprise, Inc., 377 F.3d 488 (5th Cir. 2004).   "Although this standard is objective, the standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor."  See Swanson v. Southern Or. Credit Serv., 869 F.2d 1222, 1227 (9th Cir. 1988).  "The question is not whether these plaintiffs were deceived or misled but rather whether an unsophisticated consumer would have been mislead."  See Beattie v. DM Collections, Inc., 754 F. Supp. 383, 392 n.20 (D.Del. 1991).


## II.       Statement of Facts as to Schiff only

In June 2010, Plaintiff started receiving communications from defendant Schiff by means of contact on her home phone.  On or about June 9, 2010, defendant Schiff mailed a letter that sought payment for a debt allegedly owed to "Midland Funding, LLC" in the amount of $685.23. The letter is dated June 3, 2010, mailed on June 9, 2010 and not received by Plaintiff until June 10, 2010.  Plaintiff never contracted with any company by the name of "Law Offices of Howard Lee Schiff, PC" or "Midland Funding, LLC".  Plaintiff received phone calls from defendant Schiff on a number of occasions including but not limited to, Saturday, June 12, 2010, June 15, 2010 and Saturday, June 19, 2010 from the following phone number; (866) 234-7606.  The undersigned has confirmed that this number belongs to defendant Schiff.  Defendant Schiff has contacted Plaintiff at times and places that were inconvenient to Plaintiff and made known to Schiff as such.  Plaintiff at all times has disputed owing this debt.

Defendant's acts violate the FDCPA in several ways.  Specifically, defendant Schiff's conduct violated FDCPA §1692c(a)(1), when it communicated with the Plaintiff at any unusual; time or place known or which should be known to be inconvenient to the Plaintiff; FDCPA

§1692d, when it engaged in conduct the natural consequence of which was to harass, oppress or abuse the Plaintiff in connection with the collection of the alleged debt; FDCPA §1692d(5), when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse the Plaintiff; FDCPA §1692e, when it used false, misleading and deceptive means in connection with the collection of an alleged debt; FDCPA §1692e(2), when it falsely represented the character, amount or legal status of an alleged debt; FDCPA §1692e(5), when it threatened to take any legal action that cannot legally be taken or that is not intended to be taken; FDCPA §1692f, when it used unfair or unconscionable means to collect or attempt to collect any debt; and FDCPA §1692f(1), when it added fees, charges and expenses not expressly authorized by an agreement with Plaintiff.

### III.    **Argument**

<u>Standard for Motion to Dismiss</u>

When considering a motion to dismiss under Fed.C.R.P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff's case. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Such a motion should not be granted unless it is clear that the plaintiff can prove "no set of facts" which would entitle her to relief. The 1st Circuit has explained the standard in these words:

> Under Rule 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Id.</u> at 66. "This statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" <u>Id.</u> (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Under this standard, "a court confronted with a Rule 12(b)(6) motion 'may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Id.</u> (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)).

See <u>Cepero-Rivera v. Faqundo</u>, 414 F.3d 124, 129 (1st Cir. 2005); see also <u>Swierkiewicz v Sorema N.A.</u>, 534 U.S. 506 (2002), wherein the Supreme Court reemphasized the extremely liberal pleading standard of the Federal Rules of Civil Procedure. Any ambiguities must be

resolved in favor of the pleading. See Walling v. Beverly Enterprises, 476 F.2d 393 (9th Cir. 1973). Even if the face of the pleadings suggests that the chance of recovery is remote, the court must allow the plaintiff to develop the case at this stage of the proceedings. See United States v. Redwood, 640 F.2d 963, 966 (9th Cir. 1981).

Finally, exhibits attached to the complaint are part thereof for all purposes. See Fed.R.C.P. 10(c). Therefore, when considering a motion to dismiss, "all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." See Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation marks omitted).

<u>Plaintiff has stated a claim for Defendant Schiff's violations of the FDCPA</u>

A cursory examination of the Complaint and exhibits show that it is facially a sufficient and well-pled action brought under the FDCPA. Further, a plain review of the FDCPA indicates that Congress meant the FDCPA be inclusive of potentially violative conduct rather than exclusive.[1]

Plaintiff's FDCPA claims regarding defendant Schiff's violations of using false, misleading and deceptive means in connection with the collection of an alleged debt, by mailing her a letter seeking payment for an alleged debt owed to "Midland Funding, LLC" in an amount different from defendant Midland Credit Management, Inc., who sent Plaintiff a letter 30 days earlier for the same alleged debt. See Complaint at paragraphs 32 and 35. This is also a separate

---

[1] For example, the FDCPA uses words like "harassment," "unusual," "misleading," "deceptive," and "unfair and specifically notes in may sections that conduct specifically listed does not "limit[] the general application of the FDCPA. See 15 U.S.C. §1692 et. seq.

violation because Schiff added fees, charges and expenses not expressly authorized by an agreement with Plaintiff. Plaintiff never contracted with any company by the name of "Law Offices of Howard Lee Schiff, PC", "Midland Funding, LLC" or "Midland Credit Management, Inc." and so any change to the character, amount or legal status of an alleged debt is clearly a false representation. Plaintiff has stated a sufficient claim regarding defendant Schiff's telephone calls to Plaintiff. Plaintiff has pled specific dates in which defendant Schiff contacted her which included but was not limited to, Saturday, June 12, 2010, June 15, 2010 and Saturday, June 19, 2010 from (866) 234-7606. Schiff's conduct violated the FDCPA by communicating with the Plaintiff at an unusual time or place known or which should be known to be inconvenient and was told as such by the Plaintiff. See Complaint at paragraphs 37 and 38. This is also a separate violation because their conduct harassed, oppressed or abused the Plaintiff in connection with the collection of the alleged debt and caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse the Plaintiff.

### Case law under the Consumer Credit Protection Act provides each of Defendant Schiff's acts, standing alone, is a separate violation.

Case law under the Consumer Credit Protection Act (which includes FDCPA, the Truth in Lending Act ("TILA"), and the Fair Credit Reporting Act ("FCRA") stands for the proposition that each of defendant Schiff's actions, standing alone, is a separate act on which plaintiff could sue. Pittman v. J.J MacIntyre Co., 969 F. Supp. 609, 611 (D. Nev. 1997) (plaintiff could recover damages only for duns within the statute of limitations). (FCRA; each transmission of an erroneous consumer report is a discrete tort); Nash v. First Financial S & L, 703 F.2d 233, 236 (7th Cir. 1983) (a new TILA violation occurred when a misdisclosure made outside the statute of limitations took effect within the statutory period); Brown v. Marquette S & L Ass'n, 686 F.2d

6

608, 613, 616 (7th Cir. 1982) (where the initial disclosure was improperly made, each subsequent charge is a new transaction which calls for a separate TILA award): <u>Blakemore v. Pekay</u>, 895 F. Supp. 972, 983 (N.D. Ill. 1995) (FDCPA; and <u>Schmidt v. Citibank (South Dakota) N.A.</u>, 645 F. Supp. 214, 216 (D. Conn. 1986) (each monthly statement is a separately actionable TILA violation) and 677 F. Supp. 687, 691 (D. Conn. 1987) (same).

Hence, <u>each</u> action taken by defendant Schiff is seen as a separate act.  Specifically defendant Schiff, used aggressive collection methods ultimately forcing Plaintiff to retain legal counsel and to incur legal fees.

<u>Count I of Plaintiff's Complaint does not apply to Defendant Schiff</u>

Plaintiff filed two separate Counts in her Complaint against Defendants Schiff and Midland Credit Management, Inc. Count One was filed solely against defendant Midland Credit Management, Inc. and Count Two was filed against both defendants.  The filed Motion to Dismiss is by defendant Schiff.  As such, Plaintiff is not going to respond to Section Three of the Memorandum as it does not apply to defendant Schiff and therefore is irrelevant.

<b><u>Conclusion</u></b>

Plaintiff has sufficiently pled facts giving rise to a claim under the FDCPA against defendant Schiff.  Further, discovery has yet to commence, which may lead to the discovery of additional distinct acts giving rise to FDCPA liability.

For all the reasons as stated in this memorandum of law, Defendant Schiff's Motion to Dismiss should be denied.

Respectfully Submitted,

SHELLY ANDREWS,
By her Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id# phv04417
Kimmel & Silverman, PC
*The New England Office*
60 Hartford Pike, PO Box 325
Dayville, CT 06241
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@lemonlaw.com

Dated: January 28, 2011

## CERTIFICATE OF SERVICE

I, Angela K. Troccoli, Esquire, hereby certify that I have this 28th day of

January, 2011, a copy of the foregoing was filed electronically and served by mail on anyone

unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by

operation of the Court's electronic filing system or by mail to anyone unable to accept electronic

filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the

Court's CM/ECF System.

Mark R. Kepple, Esquire
Attorney at Law, LLC
804 Stonington Road
Stonington, CT 06378

Jeanine M. Dumont, Esquire
Law Offices of Howard Lee Schiff, PC
510 Tolland Street
East Hartford, CT 06108

Jill E. Alward, Esquire
Thomas Leghorn, Esquire
Wilson Elser Moskowitz Edelman & Dicker
1010 Washington Blvd, 8th Floor
Stamford, CT 06901

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire
Id#phv04417

8