UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHELLY ANDREWS ) | CIVIL ACTION NO. 3:10-cv-01915 CSH |
|     Plaintiff ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| LAW OFFICES HOWARD LEE SCHIFF P.C. ) | |
| And MIDLAND CREDIT MANAGEMENT ) | |
| INC. ) | |
|     Defendants ) | FEBRUARY 4, 2011 |

**REPLY MEMORANDUM**

Defendant, Law Offices Howard Lee Schiff, P.C. [hereinafter, "Schiff Law Office"], hereby submits the following Reply to the Defendant's Memorandum of Law in Opposition to the Motion to Dismiss plaintiff's Complaint removed from the Connecticut Superior Court, pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure:

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Anderson v. Derby Board of Education,* 718 F. Supp. 2d 258, 264 (D. Conn. 2010), *quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In order " [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ' state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). **"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."** *Id.* (citation omitted). When a

court considers a motion to dismiss, it may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can form the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950*, cited in United States v. Lloyds TSB Bank PLC*, 639 F.Supp.2d 326, 338 (S.D.N.Y. 2009).

      Plaintiff has failed to allege sufficient facts to state a cause of action, and has alleged false facts which cannot result in a judgment for this plaintiff. Therefore, defendant seeks a dismissal of this case pursuant to Fed. Rule Civ. Proc. 12(b)(6).

      Plaintiff first claims as fact that the plaintiff "never contracted with any company by the name of "Law Offices of Howard Lee Schiff, PC" or "Midland Funding, LLC." *See Memorandum in Opposition at 3.* No claim has ever been asserted that the plaintiff had a contractual relationship with Midland Funding or its counsel. It is unknown as to why this "fact" is set forth by the plaintiff—except as an effort to divert attention from the defective allegations in the complaint.

      Plaintiff then argues that the Schiff Law Office contacted plaintiff "at times and places that were inconvenient to Plaintiff and made known to Schiff as such." *Id.* Again, no facts, but simply bald conclusions submitted by plaintiff. Any calls made to Ms. Andrews were "inconvenient" because they were placed by the Schiff Law Office? How did she inform the Schiff Law Office that the contact was at an inconvenient time or place? Defendant should not be forced to answer to allegations which are vague, frivolous and unfounded.

Plaintiff further claims that "Schiff **added** fees, charges and expenses not expressly authorized by an agreement with plaintiff." *Id. at 6.* This defendant did not add any sums to this debt—and again there are no *factual allegations* to support this claim.

Desperate to make out a claim, plaintiff's counsel relies on her pro forma allegation, "conduct harassed, oppressed or abused the Plaintiff in connection with the collection of the alleged debt and caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse the Plaintiff." *Id.* Again, plaintiff is alleging that it was the defendant who allowed the telephone to ring repeatedly and continuously, and there is nothing to particularize this allegation as to the Schiff Law Office, as opposed to anyone else in this world who might have been trying to reach Ms. Andrews by telephone.

Based upon the foregoing, plaintiff's complaint is a classic example of "threadbare" allegations, and the defendant should not be forced to respond to a pleading which is does not consist of sufficient facts. Indeed, there are no facts to support this complaint, and plaintiff's counsel appears to have failed to conduct any investigation before filing this suit.

                LAW OFFICES HOWARD LEE SCHIFF PC

                /S/*Jeanine M. Dumont ct05021*
                Jeanine M. Dumont, Ct05021
                Law Offices Howard Lee Schiff PC
                510 Tolland Street
                East Hartford, Connecticut 06108
                Telephone (860) 528 9991
                Fax (860) 528 7602

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on FEBRUARY 4, 2011 to the following counsel of record:

**COUNSEL FOR PLAINTIFF—PRO HAC VICE**
ANGELA TROCCOLI, ATTORNEY AT LAW
KIMMEL & SILVERMAN
60 HARTFORD PIKE
P.O. BOX 325
DAYVILLE, CT.  06241

**COUNSEL FOR PLAINTIFF**
MARK R. KEPPLE
804 STONINGTON ROAD
STONINGTON, CT.  06378

**COUNSEL FOR MIDLAND FUNDING LLC**
JILL E. ALWARD, ATTORNEY AT LAW
THOMAS A. LEGHORN, ESQ.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER-NY
3 GANNETT DR.
WHITE PLAINS , NY 10604

<em>Jeanine M. Dumont</em>
Jeanine M. Dumont

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**